NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

STEPHANIE MARRA, AN INDIVIDUAL;
DONNA HOLLAND, AN INDIVIDUAL;
TEOFESTA PUSILLO, AN INDIVIDUAL;
LOURDES GARCIA, AN INDIVIDUAL;
KYLE NICHOLSON, AN INDIVIDUAL;
AND
PATRICIA SCHUH, AN INDIVIDUAL,

    Plaintiffs,

v.

MADISON SQUARE GARDEN
ENTERTAINMENT CORP., AND RADIO
CITY PRODUCTIONS, LLC,

    Defendants.

Civil Action No. 23-986 (RK) (JBD)

**MEMORANDUM OPINION**

---

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Defendants Madison Square Garden Entertainment Corporation ("MSG") and Radio City Productions, LLC's ("Radio City") (collectively, "Defendants") Motion for Partial Dismissal, ("Mot.," ECF No. 22), of Plaintiffs Stephanie Marra ("Marra"), Donna Holland ("Holland"), Teofesta Pusillo ("Pusillo"), Lourdes Garcia ("Garcia"), Kyle Nicholson ("Nicholson"), and Patricia Schuh's ("Schuh") (collectively, "Plaintiffs") Amended Complaint, ("Am. Compl.," ECF No. 14).[1] Plaintiff filed a brief in opposition, ("Opp.," ECF No. 23), to which Defendant replied, ("Reply," ECF No. 24.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to

---

[1] MSG was "renamed Sphere Entertainment Co." on April 20, 2023. (*See* Mot. at 1.)

Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Partial Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

The following facts are derived from Plaintiffs' Amended Complaint and the exhibits filed in support thereof. Plaintiffs Marra, Holland, Pusillo, Garcia, and Schuh worked as "wardrobe dresser[s]" for Defendants, while Plaintiff Nicholson was employed as a "stagehand." (Am. Compl. ¶¶ 8–12.) MSG "is a leading entertainment and media company that owns and operates venues in a variety of cities," and is the parent company of Radio City. (*Id.* ¶ 13.) Radio City "oversees productions held at the at the Radio City Music Hall." (*Id.* ¶ 14.)

In the Spring of 2020, the COVID-19 Pandemic struck, prompting Defendants to "halt [all] production[s]" and to require all employees to work from home. (*Id.* ¶ 18.) This continued until May 26, 2021, when Defendants resumed in-person work on the condition that employees "entering any of the Company's work locations or venues" adhere to its mandatory COVID-19 Vaccination Policy (the "Policy"). (*Id.* ¶¶ 19–20; *See* ECF No. 14-1.) The Policy mandated that an employee "must be fully vaccinated against "COVID-19." (ECF No. 14-1.) "To be considered 'fully vaccinated,' either two weeks must have elapsed following an individual's receipt of the second dose of a two-dose vaccine series, or two weeks must have elapsed following an individual's receipt of a single-dose vaccination." (*Id.* at 2.) Employees were required to receive the first half of the vaccine by July 12, 2021, and be fully vaccinated by August 21, 2021. (Am. Compl. ¶ 22.)

The Policy allowed for "requests for reasonable accommodations due to a medical condition, disability, or sincerely held religious belief." (*Id.* ¶ 23.) To seek a religious exemption, an individual needed to present "documentation from a religious official." (*Id.* ¶ 24.) The Policy

2

stated that those who failed to receive the vaccination and "who [were] neither entitled to an accommodation or to protected leave . . . [would be] considered to have voluntarily separated from employment" with Defendants. (ECF No. 14-1, at 2.)

Plaintiffs Marra, Pusillo, Lourdes, Nicholson, and Schuh sought religious exemptions from Defendants, as they each believed the receipt of the vaccine violated their sincerely held religious beliefs. (Am. Compl. ¶¶ 30–35, 73–75, 86–90, 102–105, 116–118.) Plaintiffs Marra and Garcia also allege they sought medical exemptions. (*Id.* ¶¶ 36, 89–90.) All of Plaintiffs' exemptions were denied, and their employments with MSG were terminated between July 12 and July 23, 2021. (*Id.* ¶¶ 40, 78, 94, 109, 123). Plaintiffs subsequently filed complaints with the New York State Division of Human Rights ("NYSDHR") and received right-to-sue notices from the United States Equal Employment Opportunity Commission ("EEOC").

Plaintiff Holland "had sincere personal objections" and "a medical condition that, at the recommendation of her physician" precluded her from receiving the vaccine. (*Id.* ¶¶ 50–55.) Holland's exemption request was denied on October 15, 2021, and she also was terminated. (*Id.* ¶ 65.) Following her termination and administrative complaint, the EEOC issued her right-to-sue notice on October 31, 2022. (*Id.* ¶ 69.) However, Holland alleges she "did not receive this notice until November 22, 2022." (*Id.*)

Thereafter, on February 20, 2023, Plaintiffs filed their original Complaint, (ECF No. 1), and their Amended Complaint, (ECF No. 14), on July 5, 2023. Plaintiffs Marra, Pusillo, Garcia, Nicholson, and Schuh allege religious discrimination in violation of Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e ("Title VII"), and all Plaintiffs allege violations of the Americans with Disabilities Act, 42 U.S.C. § 12010 (the "ADA"). (Am. Compl. ¶¶ 183–216.) On August 22, 2023, Defendants filed a Motion for Partial Dismissal. (ECF No. 22.) On October 3, 2023, once

3

this briefing was ripe, the Court held a status conference with the parties, and oral argument in open court. (ECF. 26.)

## II.    LEGAL STANDARD

### A.    Motion To Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009) (citations and quotation marks omitted).

A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the

factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

## III. DISCUSSION

Defendants seek the Court to dismiss Holland's claims as untimely, and all Plaintiffs' ADA claims for failure to state a claim under Rule 12(b)(6). (Mot. at 6, 10.) In support, Defendants allege that Holland failed to file her Complaint within ninety (90) days of receiving her right-to-sue notice from the EEOC. (*Id.* at 6–7.) Because Holland received her EEOC letter on October 31, 2022, but did not file suit until February 20, 2023, Defendants contend that her claims were untimely. (*Id.*) In addition, Defendants argue that "Plaintiffs did not aver *any* facts to demonstrate the existence of an actual or perceived disability," and, as such, Plaintiffs' ADA claims must fail. (*Id.* at 11) (emphasis in original). Defendants did not move to dismiss Plaintiffs' religious discrimination claims. (*See* Mot. at 3 n.2.) The Court first turns to Holland.

### A. PLAINTIFF HOLLAND

Pursuant to Title VII of the Civil Rights Act, following receipt of an EEOC right-to-sue notice, an individual has ninety (90) days to file a civil action. 42 U.S.C.A. § 2000e-5(f)(1); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("[I]f the complainant does choose to bring a private action, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge.")

Both sides agree that there is rebuttable presumption "that the EEOC mails a right-to-sue letter to the claimant on the date of its issuance" and "that the claimant receives the right-to-sue letter three days after its mailing." *Greenidge v. Ben Hur Moving & Storage, Inc.*, No. 02-1635,

2002 WL 1796812, at *3 (E.D.N.Y. Aug. 6, 2002); *Burgh*, 251 F.3d at 470 ("The on-set of the 90–day period is generally considered to be the date on which the complainant receives the right-to-sue letter.") However, this presumption may be rebutted by "sworn testimony or other admissible evidence" that the notice was not in fact received until a later day. *Greenidge*, 2002 WL 1796812, at *3. If the individual is represented by legal counsel before the EEOC, the ninety (90)-day clock begins to run when "the right-to-sue letter is first received either by the claimant or by her counsel." *Id.*

As discussed above, Defendants claim that Holland's right-to-sue notice was issued on October 31, 2022. (Mot. at 6.) They allege that by failing to file her Complaint until February 20, 2023, after the ninety (90)-day window had passed, Holland's claims are time-barred. (*Id.* at 6–8.) In response, Holland asserts that "neither Ms. Holland nor her counsel had received or had knowledge of her notice of right to sue until November 22, 2022," only after Plaintiffs' counsel contacted the EEOC to check on its status. (Opp. at 3–4.) Only after reaching out did "the EEOC sen[d] Plaintiff Holland's notice of right to sue to Plaintiff's counsel, alerting Plaintiff to the closure of the agency investigation." (*Id.*) This was further avowed by Plaintiffs' counsel at the status conference before the undersigned on October 4, 2023. (*See* ECF No. 26). As such, based on Holland and her counsel's proffer as to the existence of evidence that the EEOC letter was in fact not received until November 22, 2022, the Court will deny Defendants' motion to dismiss Holland's claims as untimely. The parties may explore this issue in discovery, at which point Defendant may move for summary judgment if warranted.

  B.  Plaintiffs' ADA Claims

In order to state a claim under the ADA, "a plaintiff must demonstrate: '(1) [s/]he is a disabled person within the meaning of the ADA; (2) [s/]he is otherwise qualified to perform the

essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s/]he has suffered an otherwise adverse employment decision as a result of discrimination.'" *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (quoting *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)); *James v. New Jersey Dep't of Health & Senior Servs.*, No. 20-3038, 2022 WL 1564191, at *1 (3d Cir. May 18, 2022) ("To survive a motion to dismiss, [the plaintiff] had to plead sufficient facts to raise a reasonable expectation that discovery w[ould] reveal evidence of the elements for discrimination, e.g., that he: (1) is a disabled person under the ADA; (2) is a qualified individual; and (3) has suffered an adverse employment action as a consequence of the disability." (citations and quotation marks omitted.)) The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Worthington v. Chester Downs & Marina, LLC*, No. 17-1360, 2017 WL 3457031, at *3 (E.D. Pa. Aug. 11, 2017) (quoting 42 U.S.C. § 12102(2)). At a minimum, a plaintiff must allege "'bare-boned' allegations [of a disability] sufficient to state a claim under the ADA". *Id.* These may include listing the "physical impairment . . . [and] a few of her symptoms" or the impact these maladies have on a plaintiff's daily life. *Id.* (citations omitted). However, ADA claims fail where the plaintiff "presents no evidence demonstrating that, because of her [impairment], she is substantially limited in the types of activities." *Hughes v. City Of Bethlehem*, 294 F. App'x 701, 705 (3d Cir. 2008) (citations omitted.)

Here, as discussed above, Defendants contend that "Plaintiffs do not aver *any* facts to demonstrate the existence of an actual or perceived disability." (Mot. at 11.) (emphasis in original). The court agrees—at most, Plaintiffs proffer conclusory statements and bald assertions that they have medical conditions or sought medical exemptions. For example, the Amended Complaint

states that Marra "submitted a medical exemption and accommodations request." (Am. Compl. ¶ 36.) Similarly, Plaintiffs' pleading alleges Holland "had a medical condition that, at the recommendation of her physician, prevented her from safely receiving the COVID-19 vaccine. Taking the vaccine would have posed a serious health threat to Holland." (*Id.* ¶ 50.) Finally, Garcia "has medical conditions that prevent her from safely receiving the COVID-19 vaccine," prompting her to seek a medical exemption, (*id.* ¶ 89), and "she submitted . . . a signed letter from a chemical sensitivity physician," (*id.* ¶ 90). Plaintiffs' assertions that they "had medical conditions that qualify as disabilities under the ADA that prevented them from safely receiving a COVID-19" (*Id.* ¶ 207), without more, fail to sufficiently allege a claim. Plaintiffs fail to even define their medical conditions, list symptoms, or provide information regarding the impact of the alleged conditions on their daily lives. The Complaint lacks even "bare-bone" allegations demonstrating their disabilities, and as such it must be dismissed. *See Worthington*, 2017 WL 3457031, at *3; *Iqbal*, 556 U.S. at 678 ("a formulaic recitation of the elements of a cause of action will not do").

Indeed, Counsel for Plaintiff admitted on the record at the Court's October 3rd status conference that the sparse allegations in the Complaint were "tenuous", but asserted that, given the opportunity, Plaintiffs could amend the complaint to substantiate the allegations by including additional details surrounding Plaintiffs' actual disabilities.[2] As such, the Court will grant Defendants' request to dismiss the ADA claims of all Plaintiffs without prejudice and grant Plaintiffs leave to amend the Complaint in so far as it relates to ADA claims for Plaintiffs Marra, Garcia, and Holland. Plaintiffs will have fourteen (14) days from the entry of this Opinion and accompanying Order to file their Second Amended Complaint consistent with this Opinion.

---

[2] Counsel for Plaintiffs also stated on the record that Plaintiffs were voluntarily withdrawing the "perceived disability" claims of Pusillo, Nicholson, and Schuh. As such, the Court will not address these claims.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED** in part and **GRANTED** in part. Plaintiffs' ADA claims are **DISMISSED** without prejudice. Plaintiff has fourteen (14) days to file a second amended complaint addressing the deficiencies noted herein. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2023